**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4025**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOEL GONZALEZ-GOMEZ,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, District Judge.  (2:20-cr-00157-1)

Submitted: August 24, 2021                    Decided: August 26, 2021

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Troy N. Giatras, THE GIATRAS LAW FIRM, PLLC, Charleston, West Virginia, for Appellant.  Lisa G. Johnston, Acting United States Attorney, Joshua Clarke Hanks, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joel Gonzalez-Gomez pled guilty, pursuant to a written plea agreement, to conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846, and reentry of a removed alien, in violation of 8 U.S.C. § 1326(a). He received a 135-month sentence on the conspiracy charge and a 120-month sentence on the reentry charge, to run concurrently. On appeal, Gonzalez-Gomez argues that the district court erred in calculating the drug weight attributable to him, in applying a two-level enhancement for possession of a dangerous weapon, and in sentencing him to the statutory maximum on the reentry charge. In addition, Gonzalez-Gomez contends that trial counsel was ineffective for failing to properly advise Gonzalez-Gomez regarding the use of relevant conduct not included in the stipulated statement of facts at sentencing. The Government has moved to dismiss Gonzalez-Gomez's sentencing claims as barred by the appellate waiver in his plea agreement and asserts that his ineffective assistance of counsel claim is without merit. For the reasons that follow, we dismiss in part and affirm in part.

It is well established that a defendant may waive the right to appeal if that waiver is knowing and intelligent. *See United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005). When the Government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, we will enforce the waiver if the record establishes that: (1) the defendant knowingly and intelligently waived his right to appeal; and (2) the issues raised on appeal fall within the waiver's scope. *Id.* at 168-69. Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim.

P. 11 colloquy, the waiver is both valid and enforceable. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005).

Even a valid waiver does not waive all appellate claims, however. Specifically, a valid appeal waiver does not preclude a challenge to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race, arises from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel, or relates to claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. *See id.*

In his plea agreement, Gonzalez-Gomez waived his right to appeal his conviction and any sentence imposed below or within a Sentencing Guidelines range based on an offense level of 32. Gonzalez-Gomez does not assert that his appellate waiver was unknowing or involuntary, and, because Gonzalez-Gomez's Guidelines range—within which the district court sentenced him—was based on a total offense level of 31, we conclude that his sentencing claims are barred by the appellate waiver.

Notably, Gonzalez-Gomez's ineffective assistance claim is not foreclosed by the appellate waiver. However, we do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Instead, such claims "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id.* at 508. Because ineffectiveness of counsel does not conclusively appear on the face of the record, we conclude that Gonzalez-Gomez's ineffective assistance of counsel claim is not cognizable on direct appeal.

3

Accordingly, we dismiss Gonzalez-Gomez's appeal as to his sentencing claims and affirm the judgment of the district court as to the claim of ineffective assistance of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*